UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARILYN E. BUANNO,

          Petitioner,

V.

SUPERINTENDENT,

          Respondent.

**REPORT AND RECOMMENDATION**

04-CV-443
(FJS/VEB)

---

## I. INTRODUCTION

Petitioner, Marilyn Buanno, represented by Paul A. Batista, Esq., commenced this action seeking habeas corpus relief under 28 U.S.C. § 2254 in the United States District Court for the Southern District of New York. In 2001, Petitioner was convicted of criminal possession of a weapon in the second degree and reckless endangerment in the first degree and was sentenced to an indeterminate term of thirty-five (35) to forty-six (46) months imprisonment. Petitioner contends that her conviction was imposed in violation of her constitutional rights and should therefore be vacated. By order dated April 20, 2004, this action was transferred to the Northern District of New York. (Docket No. 8).

This matter was referred to the undersigned by the Honorable Norman A. Mordue, Chief United States District Judge, for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 28).

## II. REPORT AND RECOMMENDATION

It appears that Petitioner has been released from custody and that her sentence

has expired.  According to the New York State Department of Correctional Services website[1], Petitioner was conditionally released from custody to parole on July 25, 2005, and the maximum expiration date of her sentence expired on January 27, 2006.[2]  Since her release, more than two (2) years ago, Petitioner has not provided this Court with a current address.  In fact, Respondent provided this Court with Petitioner's last known address in April of 2007, in connection with a motion to withdraw filed by Petitioner's counsel.  (Docket No. 25).  Rule 10.1(b) of the Local Rules of Civil Procedure for the United States District Court of the Northern District of New York states that "[a]ll attorneys of record and *pro se* litigants must immediately notify the Court of any change of address." Local Rule 41.2(b) specifically provides that failure to notify the Court of an address change pursuant to Rule 10.1(b) "may result in the dismissal of any pending action." "Notification of a new address is essential for the orderly disposition of cases as it is not feasible for the court to independently maintain the current addresses of all parties to pending actions." Bourdon v. Walker, 453 F.Supp.2d 594 (N.D.N.Y.2006) (citing Fenza v. Conklin, 177 F.R.D. 126, 127 (N.D.N.Y.1998) (Pooler, D.J.)).

      Therefore, by Order dated October 15, 2007, this Court directed Petitioner to comply with Local Rule 10.1(b) and provide this Court with her current address within fifteen (15) days of the date of the Order or her Petition would be dismissed pursuant to Local Rule 41.2(b).  (Docket No. 30).  Twenty- four (24) days have passed since the date of the Order and Petitioner has failed to provide this Court with her current address.

---

[1] http://www.docs.state.ny.us

[2] It also appears from the website that Petitioner's parole has been completed.

Accordingly, as a result of Petitioner's failure to furnish the Court with a current address the Petition should be DISMISSED with prejudice pursuant to Local Rule 41.2(b). See Williams v. Faulkner, 1998 WL 278288 (N.D.N.Y. May 20, 1998); Walker, 453 F.Supp.2d 594; Green v. Rabideau, 2007 WL 499621, *4 (N.D.N.Y. February 13, 2007).

## IV. CONCLUSION

For the reasons stated above, the Court recommends Marilyn Buanno's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that the Petition be dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue. See 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

DATED: November 8, 2007

Syracuse, New York

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS** to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN**. Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on de novo review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

November 8 , 2007

_____
Victor E. Bianchini
United States Magistrate Judge